UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNA RUGO and BELINDA DUNN,<br><br>      Plaintiffs,<br><br>    v.<br><br>ROB HARDWICK DDS, a sole proprietorship; ROBERT W. HARDWICK, JR., DDS, a sole proprietorship; ROBERT W. HARDWICK, JR. and MICHELLE HARDWICK, and their marital community comprised thereof,<br><br>      Defendants. | No. 2:16-CV-0444-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Before the Court, without oral argument, is Defendants Rob Hardwick DDS, Robert W. Hardwick, Jr., DDS, Robert W. Hardwick, Jr., and Michelle Hardwick's (collectively "Defendants") Motion for Partial Summary Judgment, ECF No. 12. Through this motion, Defendants ask this Court to grant partial summary judgment dismissing the retaliation claims asserted by Plaintiffs Shanna Rugo and Belinda Dunn (collectively "Plaintiffs") under Title VII of the Civil Rights Act of 1964. ECF No. 12 at 1. For their part, Plaintiffs resist this motion

ORDER DENYING PARTIAL
SUMMARY JUDGMENT- 1

and ask the Court to deny the motion. *See generally* ECF No. 17. Plaintiffs argue that because Defendants' two dental office locations are sole proprietorships, they cannot be separate businesses for Title VII purposes. ECF No. 17 at 2. In the alternative, Plaintiffs argue that issues of material fact exist regarding whether the two offices in question are an integrated business for Title VII purposes, thus precluding summary judgment. As explained below, because issues of material fact remain regarding whether Defendants' offices are separate businesses or an integrated enterprise for Title VII purposes, the Court denies Defendants' motion.

## II. BACKGROUND

Plaintiffs Shanna Rugo and Belinda Dunn are former employees of Defendants' dental practice. ECF No. 1 at 3. Dr. Robert Hardwick, one of the defendants in this lawsuit, owns and operates as sole proprietor two dental offices in northeast Washington. ECF No. 25 at 1. Ms. Rugo began working for Defendants in 1985, serving as office manager of the Hardwick Dental Clinic in Republic, Washington since 1989. ECF No. 1 at 3. Ms. Dunn began working as office manager in the Colville, Washington office in the fall of 1986. *Id.* Plaintiffs had similar authority and responsibilities as office managers for their respective offices. ECF No. 25 at 2. Plaintiffs set employees' work schedules, set employees' vacation schedules, and identified candidates to hire. *Id.* In their complaint, Plaintiffs allege that prior to their terminations they were involved in a state

investigation and subsequent internal investigation of alleged sexual misconduct by Dr. Hardwick against female employees. ECF No. 1 at 5. It is undisputed that in August 2014, Dr. Hardwick, who personally supervised both Ms. Rugo and Ms. Dunn, terminated Plaintiffs' employment. ECF No. 25 at 2.

In April 2015, Plaintiffs submitted charges of discrimination to the Equal Employment Opportunity Commission (EEOC), which was followed by the EEOC's issuance of right to sue letters to Plaintiffs in November 2016. ECF No. 1 at 6. Plaintiffs then filed this lawsuit on December 22, 2016. *See* ECF No. 1.

Pertinent to the present motion is how the two dental practice locations—one in Colville and the other in Republic—operated, were managed, and relate to one another. The following undisputed facts are gathered from the parties' Joint Statement of Uncontroverted Facts Regarding Defendants' Motion for Partial Summary Judgment, ECF No. 25, and the declarations submitted in support and opposition to the present motion.

Combined, both offices employed between 18 and 26 employees each month from August 2013 through August 2014. ECF No. 25 at 4. Dr. Hardwick owns and operates both offices as sole proprietor. ECF No. 25 at 1. Throughout calendar years 2013 and 2014, the Colville office employed slightly more employees than the Republic office. *Id.* at 2–3 (charts indicating that during this time period, the number of employees in the Colville office fluctuated between 11

and 14 per month while the Republic office employed between 7 and 12 people). Though Defendants' certified public accountant (CPA) Stephen H. Oswin, ECF No. 15 at 1, produced profit and loss statements for each office and also for the combined offices, ECF No. 25 at 5, discretionary employee bonuses were paid at Dr. Hardwick's sole discretion and the combined performance of the Colville and Republic offices was a factor in setting bonus amounts, ECF No. 25 at 4. These profit and loss statements were made under the general heading "Rob Hardwick DDS." *Id.* at 5. Mr. Oswin also maintained a separate payroll account for the benefit of both offices. *Id.*

Staff meetings were held in each office and also jointly at one office during combined employee meetings. *Id.* at 5. Dr. Hardwick referred to the two offices as one dental practice, *Id.* (citing ECF No. 19, Ex. 1). Both offices use the same Uniform Business Identification Number, and an insurance policy document from 2014–15 lists the Colville office as the "primary" location and the Republic office as the "secondary" location. *Id.* (citing ECF No. 21, Exs. 2 & 3).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## IV. ANALYSIS

As an initial matter, the Court clarifies that the issue addressed here—whether Defendants' dental practice employed 15 or more employees for twenty or more calendar weeks in 2014, the year Plaintiffs were terminated, or 2013, and therefore is an employer for Title VII purposes—is an element of Plaintiffs' claims and not a jurisdictional requirement. *See Arbaugh v. Y&H. Corp.*, 546 U.S. 500, 515 (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."); 42 U.S.C. § 2000e(b). To the extent the Court and the parties previously addressed it as a jurisdictional issue that was incorrect. ECF No. 10; ECF No. 12 at 6 n. 1; ECF No. 17 at 3.

Second, though Plaintiffs ask this Court to rule that Dr. Hardwick's status as a sole proprietor precludes him from arguing that the Colville and Republic locations are separate for Title VII purposes, the Court declines the invitation to do so. As Plaintiffs concede, courts have not held that sole proprietorships are categorically barred from arguing that different locations, in this case clinical offices, are separate businesses for Title VII purposes. This Court has not found authority to support creating such a categorical rule here. However, Plaintiffs' apparently novel argument positing that sole proprietorships and their owners are legally indistinguishable and therefore cannot be separate enterprises for Title VII

purposes, carries some purchase. Nevertheless, the Court declines to rule categorically on the matter and turns to address whether this particular dental practice, operating out of two offices and owned as a sole proprietorship, is an employer for Title VII purposes.

### A. Questions of material fact remain, making summary judgment inappropriate.

In the Ninth Circuit, courts apply a four-part test to determine whether separate entities are an integrated enterprise for purposes of meeting the 15-employee threshold under Title VII. *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 815 (9th Cir. 2001). Courts consider the following four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* (citation and quotation marks omitted).

When determining whether business operations are sufficiently interrelated under the integrated enterprise test, courts consider, among other things, whether the businesses: share management services, share payroll and insurance programs, prepare mutual policy manuals, use employees on one payroll for the benefit of another entity, share office space, file separate tax returns, hold separate director and shareholder meetings, conduct banking separately, and purchase goods

separately. *Kang*, 296 F.3d at 815 (citation omitted); *Lynam v. Foot First Podiatry Ctrs., P.C.*, 919 F. Supp. 1141, 1146 (N.D. Ill. March 12, 1996)[1].

Here, Defendants assert that the dental practice's two offices maintain separate accounting records, separate bank accounts, separate accounts receivable, separate financial reporting, and separate income tax reporting. ECF No. 12 at 9. In opposition, Plaintiffs submit declarations asserting that Ms. Rugo and Ms. Dunn actively worked together to jointly operate the practice through both offices. For example, Ms. Rugo states, "Belinda and I checked in with each other constantly to see which account had the funds to cover any bill and we did frequent interoffice transfers to make sure everything was covered." ECF No. 19 at 3. However, on this and other key points related to how the two offices operated, Defendants counter Plaintiffs version of the facts. "Interoffice loans were always accounted for and separated out by Mr. Oswin. All transfer amounts and allocations to various accounts were always proportionally separated by Mr. Oswin each and every month between the two offices." ECF No. 23 at 2. Accordingly, an issue of material fact remains as to this element.

---

[1] Although *Lynam* was decided before *Arbaugh v. Y&H. Corp.*, and the *Lynam* court treated the 15-employee requirement as a jurisdictional question, its analysis regarding the "integrated enterprise" test remains persuasive. The question of whether the podiatry clinics in *Lynam* were an integrated business was analyzed under the same framework and test used in the Ninth Circuit. That analysis was not impacted by the ruling in *Arbaugh*. Accordingly, it remains relevant and helpful to this Court's integrated enterprise analysis.

ORDER DENYING PARTIAL
SUMMARY JUDGMENT- 8

Similarly, with respect to factors two and three of the integrated enterprise test issues of material fact remain. The parties contest the degree of common management and the degree to which labor relations were controlled by Dr. Hardwick or Plaintiffs. *See* ECF Nos. 14, 19, 20, 21 and 23. This question of control over labor relations is a key concern for the Court's analysis and disputed by the parties. *See, e.g.*, *Lynam*, 919 F. Supp. at 1147 (stating that the third factor is "perhaps [the] most critical factor of the single employer doctrine.")

As to factor four, common ownership and financial control, the record indicates that Dr. Hardwick maintained considerable control of the practice and was undisputedly the sole proprietor. *See, e.g.,* ECF No. 19, Ex. 1 (email signed by Dr. Hardwick, though apparently sent from his wife's email account, stating that he is the owner and detailing policy for the entire practice). Accordingly, this factor is militates in favor of finding an integrated enterprise.

Nevertheless, issues of material fact remain as to whether the Defendants' dental practice is an integrated enterprise for Title VII purposes, rendering summary judgment in Defendants' favor inappropriate.

## V. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for Partial Summary Judgment, **ECF No. 12**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of June 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PARTIAL SUMMARY JUDGMENT- 10