UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNA RUGO and BELINDA DUNN,<br><br>       Plaintiffs,<br><br>v.<br><br>ROB HARDWICK DDS, a sole proprietorship; ROBERT W. HARDWICK, JR., DDS, a sole proprietorship; ROBERT W. HARDWICK, JR. and MICHELLE HARDWICK, and their marital community comprised thereof,<br><br>       Defendants. | No. 2:16-CV-00444-SMJ<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** |

## I. INTRODUCTION

Before the Court, without oral argument, are Plaintiffs Shanna Rugo and Belinda Dunn's Motion for a Protective Order Quashing Subpoenas and Prohibiting Defendant Contact with Plaintiffs' Employers, ECF No. 28, and related motion to expedite, ECF No. 33. Through these motions Plaintiffs seek a protective order quashing Defendants' Rob Hardwick DDS, Robert W. Hardwick, Jr., DDS, Robert W. Hardwick, Jr., and Michelle Hardwick's (collectively "Defendants") proposed third-party subpoenas to Plaintiffs' current and other

former employers seeking Plaintiffs' employment records. Plaintiffs also seek to prohibit Defendants from contacting the third-parties at issue here. Defendants oppose the motions. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies in part and grants in part the present motion. As explained in detail below, Defendants are entitled to the discovery they seek and Plaintiffs have not demonstrated that the requested relief is appropriate under these circumstances. However, because Plaintiffs have raised reasonable privacy concerns that constitute good cause, a limited protective order restricting who can view and have access to Plaintiffs' employment records is appropriate. Lastly, because the motion to expedite is now moot since the Plaintiffs' depositions have been postposed, it is denied.

## II. BACKGROUND

On December 22, 2016, Plaintiffs Rugo and Dunn filed the instant lawsuit alleging that Defendants—collectively constituting Plaintiffs' former employer—retaliated against them for opposing sexual harassment in the workplace in violation of state and federal law. ECF No. 1. Plaintiffs bring claims under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq*, and RCW 49.60.210. *Id.* at 7–9. They seek, among other things, injunctive and monetary relief, including damages for past and future lost income and benefits and emotional distress and harm. *Id.* at 9–10.

The instant motion concerns a discovery dispute between the parties. In short, after Defendants informed Plaintiffs on May 11, 2017, that they intended to seek employment records directly from Plaintiffs' employers, Plaintiffs asserted their opposition to such requests; the parties attempted and failed resolve their disagreement. ECF No. 31 at 2–3. Defendants first sought to obtain a release from Plaintiffs that would allow Plaintiffs' current and other former employers to release their employee files to Defendants. *Id.* at 2. After Plaintiffs refused, Defendants informed Plaintiffs that they would seek to obtain this information through third-party subpoenas. *Id.* at 2–3. The parties have exchanged several letters on the matter and discussed the issue via phone but have not come to a resolution. Though there appears to have been some confusion as to whether Defendants had already served the third-party subpoenas, they have yet to do so. *Id.* at 3. However, Plaintiffs' employers have received letters of intent to serve subpoenas from Defendants. *Id.*

Plaintiffs filed the instant motion and related motion to expedite on May 26, 2017. ECF Nos. 28 and 33.

Plaintiffs maintain that Defendants intend to issue third-party subpoenas seeking the following information:

> Any and all employment and payroll records, including, but not limited to, each personnel file, each departmental file, each formal or informal supervisor's file, all records relating to any reference check completed, all payroll records, all records identifying employee

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER **-** 3

benefits, each records relating to the reason for termination, all records relating to complaints about work performance and investigation into such complaints, records reflecting complaints of discrimination to any agency, and a job description regarding [Shanna Rugo and Belinda Dunn].

*See, e.g.*, ECF No. 31-1 at 74 and 91. Defendants assert that this indeed is the information they seek from Plaintiffs' other employers. However, they state that "unbeknownst" to them the phrase "[a]ny and all employment and payroll records, including, but not limited to" was somehow erroneously added to the notice letters and draft subpoenas that Plaintiffs cite. ECF No. 35 at 2–3. Defendants clarify that should the Court deny the instant motion and the third-party subpoenas are issued, the phrase "[a]ny and all employment and payroll records, including, but not limited to" will be stricken. *Id.*

### III.   DISCUSSION

**A.   Plaintiffs possess the requisite standing to seek relief.**

"A party lacks standing to challenge a subpoena issued to a third party unless the party making the challenge claims a personal right or privilege with respect to the discovery sought in the subpoena." *Emara v. Multicare Health Sys.*, No. 3:11-CV-6055-RBL, 2012 WL 5205950 at *2 (W.D. Wash. Oct. 22, 2012) (citations omitted); *see also Crispin v. Christina Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. May 26, 2010) (citations omitted). In general, the Federal Rules of Civil Procedure permit relatively broad yet tailored and proportional

discovery of relevant material. *See generally* Rule 26(b). Indeed, the Rules expressly allow the discovery of matter that may ultimately be inadmissible as evidence. *Id.* Subpoenas are but one method for procuring relevant information that parties can employ. *See generally* Rule 45. However, language within Rule 45 explicitly provides a mechanism for quashing or modifying overly burdensome and unnecessary discovery requests made through subpoenas. *See* Rule 45(d). Additionally, parties can seek protective orders under Rule 26(c) to guard against discovery abuses. *See generally* Rule 26(c).

Here, Defendants have yet to issue third-party subpoenas. They have, however, made it clear that they will serve them unless Plaintiffs agree to the release of the information Defendants seek from Plaintiffs' employers. Since Defendants are pursuing Plaintiffs employee and payroll information—Plaintiffs' employment records—from several current and past employers, there is no question that Plaintiffs have a "personal right or privilege" in the requested discovery. Accordingly, Plaintiffs have standing to challenge Defendants' discovery requests and seek a protective order quashing the subpoenas and prohibiting contact with Plaintiffs' employers.

**B. Though Defendants are entitled to obtain most of the information they seek, so too are Plaintiffs entitled to a protective order to safeguard their privacy interests.**

In filing the present motion, Plaintiffs seek a protective order preventing the issuance of third-party subpoenas to Plaintiffs' current and past employers—other than Defendants—and for an order prohibiting Defendants from contacting their employers. ECF No. 28 at 6. In asking for this relief, Plaintiffs argue that: (1) they have substantial privacy interests here and Defendants should not be allowed to jeopardize their current employment by undertaking a fishing expedition, *id.* at 7–8; (2) the information Defendants seek is irrelevant and unlikely to lead to admissible evidence, *id.* at 8–14; and (3) Defendants should be prohibited from contacting Plaintiffs' current employers, *id.* at 14–15. Defendants counter (1) that employment records from former or subsequent employers, including those sought here, are relevant, ECF No. 35 at 4–9, and (2) Plaintiffs' privacy argument does not meet the burden required to obtain a protective order, *id.* at 9–11.

In resolving this disagreement, the Court first addresses the relevancy question before turning to Plaintiffs' privacy argument.

**1. The employment records Defendants seek are relevant to damages, mitigation, and Plaintiffs' emotional distress claims. However, there is no indication that Plaintiffs' credibility is at issue and therefore the employment records are not relevant on that basis.**

As previously stated, the Federal Rules of Civil Procedure permit relatively broad yet tailored and proportional discovery of relevant material. *See generally* Rule 26(b); *id.* ("Parties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense . . . the parties' relative access to relevant information . . . the importance of the discovery . . . .")

The instant case is an employment dispute concerning allegations of retaliation for opposing sexual harassment between Defendants and their long-time office managers, the Plaintiffs. *See generally* ECF No. 1. Among the relief Plaintiffs seek is lost income and benefits and emotional distress and harm. *Id.* at 9–10. In responding to Plaintiffs' complaint, Defendants asserted several affirmative defenses including failure to mitigate damages, Plaintiffs' job performance did not meet expectations, among others ECF No. 9 at 6–9.

Defendants must be allowed to obtain discovery to pursue their affirmative defenses and rebut Plaintiffs' claims and the relief sought. Though Plaintiffs have already provided some information relevant to mitigation, ECF No. 28 at 8, this is insufficient. As Defendants point out, since Plaintiffs also seek lost benefits as part of the damages requested, Plaintiffs' other employers are in the best position to provide a complete and accurate picture of Plaintiffs' total compensation. Unlike the plaintiff in *Abu v. Piramco Sea-Tac, Inc.*, No. C08-1167RSL, 2009 WL 279036, at 2 (W.D. Wash. Feb. 5, 2009), plaintiffs here seek lost benefits. This information would go toward mitigation, would provide an unbiased view of Plaintiffs' total compensation, and is therefore relevant.

Plaintiffs also seek damages for emotional distress and harm. ECF No. 1 at 10. Defendants have the "right to gather evidence to rebut the emotional distress claim" just as Plaintiffs have the obligation to provide evidence of their emotional states before and after Defendants terminated their employment. *Awosika v. Target Corp.*, No. 11-0185-RSM, 2011 WL 13048452 at 3 (W.D. Wash. May 26, 2011). Accordingly, Plaintiffs' employment records with other employers are also relevant to Plaintiff's emotional distress claims.

However, Defendants have not shown that Plaintiffs' credibility is an issue in this case and therefore the employment records are not relevant on this basis. Defendants cite *Awosika* for the proposition that employment records are relevant because they are admissible to impeach Plaintiffs on cross-examination even if, as Plaintiffs argue, the records are inadmissible under Federal Rule of Evidence 404(a). ECF No. 35 at 8. Here, unlike in *Awosika*, Defendants have not made any specific allegations placing Plaintiffs' credibility at issue. In *Awosika*, defendant Target maintained that Awosika's employment records "were necessary to assess [her] credibility, particularly in regard to whether she was truthful on her application for employment with Target and 'whether she has previously filed frivolous lawsuits.'" *Awosika*, 2011 WL 13048452 at 3. A generalized credibility concern, such as the one asserted in this case, would encompass too much with no limiting principle. *Id.* ("If credibility was the only stated justification for these

subpoenas, they would be overbroad under Rule 26(b).") Accordingly, credibility alone would not make the employment records relevant. Nevertheless, since Plaintiffs' employment records with other employers are relevant for other reasons, Defendant can and should be able to obtain them through discovery.

### 2. A limited protective order is warranted in this case.

For good cause shown, a court can "grant an order to protect 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Awosika*, 2011 WL 13048452 at 1 (citing Fed. R. Civ. P. 26(c)(1)). The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). General assertions do not constitute good cause. *Id.* "The requirement, then, is that a party seeking protection of her own employment records must assert how, specifically, she will be harmed by the discovery of those records." *Id.*

Here, Plaintiffs lean heavily on their asserted privacy interests. Plaintiffs aver that they are happy with their current jobs, are extremely concerned that their jobs may be jeopardized, including by burdening their current employers with discovery or because their employers may take a negative view of Plaintiffs suing a former employer. ECF No. 28 at 7–8. Plaintiffs assert that they have not told anyone about the present lawsuit because they are concerned about tarnishing

their reputation and this concern is heightened because they live in very small communities. *Id.* at 8. They worry about how public subpoenas could jeopardize their jobs and reputations. *Id.* Plaintiffs also filed declarations explaining their concerns with their current and past employers receiving public subpoenas. ECF Nos. 29 and 30.

While the Court is sympathetic to Plaintiffs' reservations about having third-party subpoenas served on their current and past employers, as other courts have recognized, Plaintiffs are statutorily protected from retaliation because they filed this lawsuit. *See, e.g.*, *Abu* 2009 WL 279036 at 3. Moreover, as explained above, Defendants must be allowed to develop their case. Accordingly, the broad and categorical relief Plaintiffs seek—quashing the subpoenas and prohibiting Defendants from contacting Plaintiffs' employers—is inappropriate.

Nevertheless, federal courts have discretion to issue protective orders forbidding or limiting discovery. *Abu*, 2009 WL 279036 at 2. Moreover, Rule26(c) permits courts, when good cause is shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Although Plaintiffs have not shown good cause to merit quashing the subpoenas and prohibiting contact with Plaintiffs' employers, the Court finds that Plaintiffs have demonstrated good cause to obtain a protective order limiting who

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER **-** 10

can see their employment records. Plaintiffs live and work in the small communities of Colville and Republic, neither one exceeding 12,000 residents.[1] Though Plaintiffs chose to file a public lawsuit, their declarations establish that there is a reasonable concern that exposing private information from their employment records could have an adverse effect on Plaintiffs and their families. Moreover, no information has been presented to the Court showing that Plaintiffs have taken affirmative steps to publicize this lawsuit.

Accordingly, the Court **ORDERS** that all information obtained through Defendants' third-party subpoenas at issue here will be designated **CONFIDENTIAL** and available only to the attorneys litigating this case and the Court. Should either party submit employment records obtained through the third-party subpoenas at issue here to support any motions or other filings with this Court, such documents shall be redacted or submitted under seal to protect private information. Of course, the parties shall take care to only designate and protect truly sensitive and private information and not apply these protective designations broadly.

//

---

[1] *See* United States Census 2010 data available at https://www.census.gov/2010census/ (last accessed on June 15, 2017). Searching within statistics for the State of Washington reveals that the Colville and Republic, WA minor civil divisions comprised 11,113 and 3,126 people, respectively.

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER **-** 11

//

### 3. The documents Defendants can request in the third-party subpoenas.

Additionally, the Court will modify the third-party subpoena's language as suggested by Defendants. Defendants' third-party subpoenas shall only request:

> Each personnel file, each departmental file, each formal or informal supervisor's file, all records relating to any reference check completed, all payroll records, all records identifying employee benefits, each records relating to the reason for termination, all records relating to complaints about work performance and investigation into such complaints, records reflecting complaints of discrimination to any agency, and a job description regarding [Shanna Rugo or Belinda Dunn, as appropriate].

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for a Protective Order Quashing Subpoenas and Prohibiting Defendant Contact with Plaintiff's Employers, **ECF No. 28**, is **DENIED in PART and GRANTED in PART**.

2. Plaintiffs' Motion for Expedited Hearing of Plaintiffs' Motion for Protective Order, **ECF No. 33**, is **DENIED as MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of June 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge